**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

FREDDY RUBIO GOMEZ,

           Petitioner,

    v.

PAMELA BONDI, *et al.*,

           Respondents.

Case No. 2:26-cv-00264-RFB-BNW

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Freddy Rubio Gomez's First Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his civil detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts his detention by Respondents under 8 U.S.C. § 1225(b)(2)(A) (i.) violates the Immigration and Nationality Act ("INA") because he is properly detained under § 1226(a) and its implementing regulations and (ii.) violates the Due Process Clause of the Fifth Amendment. See First Amended Petition ("Pet.") at 5-7, ECF No. 14.

Respondents assert that Petitioner falls into the narrow framework of Matter of M-S, 27 I&N Dec. 509 (A.G. 2019), and therefore his detention is mandated under 8 U.S.C. § 1225(b)(2)(A). Respondents further maintain that Petitioner's detention is authorized per their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases).

For the following reasons, the Court finds Petitioner's continued detention by Respondents under § 1225(b)(2)(A) is unlawful under the INA and Due Process Clause. Thus, the Court grants the Petition and orders Respondents to provide Petitioner a prompt bond hearing or immediately

release him from custody.

The Court makes the following findings of fact. Petitioner is a native and citizen of Cuba who has resided in the United States without departure since his entry in January 2024 near Eagle Pass, Texas. See ECF Nos. 14 at 4; 15 at 2. Petitioner was inspected and detained by immigration authorities upon entry and placed into expedited removal proceedings. See id. However, mere days later on February 9, 2024, the Department of Homeland Security ("DHS") made a credible fear determination based on Petitioner establishing a "reasonable possibility of persecution or torture" and accordingly vacated his original removal order and expedited removal proceedings. See Credible Fear Determination Order, ECF No. 14-1. The following day, DHS issued Petitioner a Notice to Appear, charging him with being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i), thereby commencing standard, non-expedited removal proceedings against him pursuant to § 1229a. See Notice to Appear, ECF No. 14-2. Petitioner was then released into the country by Respondents. See ECF No. 14 at 4.

On November 5, 2025, Petitioner was re-detained by ICE in Las Vegas, Nevada after being release on pretrial bond in a Nevada criminal case where he is charged with misdemeanor domestic battery. See id. Petitioner has been held by Respondents at NSDC without opportunity for release on bond since his November arrest by ICE. See id. On February 5, 2026, an immigration judge ("IJ") found in a custody redetermination (i.e., bond) hearing that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and therefore, the immigration court lacked jurisdiction to issue bond. See Bond Hearing Order, ECF No. 14-3.

The Court first rejects Respondents' new, expansive interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after nearly two years of residence in this country, for the reasons discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). Further, the Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite,

including the recent Fifth Circuit decision in <u>Buenrostro-Mendez v. Bondi</u>, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, <u>see id.</u>, at *10-18 (Douglas, J., dissenting), and by other district courts. <u>See</u>, <u>e.g.</u>, <u>Carbajal v. Wimmer</u>, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); <u>Singh v. Baltazar</u>, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

To the extent that Respondents attempt to justify Petitioner's detention under § 1225(b) in this case based on the slight factual deviations that distinguish this case from the countless others this Court has recently ruled upon, the Court is unconvinced. This case differs factually from <u>Escobar-Salgado</u> and its progeny only in that Petitioner Gomez was initially detained at the border and briefly placed in expedited removal proceedings, before being released into the country and placed into standard removal proceedings, all within a little over a week's time. Respondents assert that Petitioner continues to be subject to § 1225(b)(2)(A)'s mandatory detention requirement until the conclusion of his removal proceedings based upon these facts.

However, this Court, like many others across the country when confronted with similar facts, concludes that "where a petitioner has been 'treated by Respondents as subject to discretionary detention under section 1226, rather than mandatory detention under section 1225,'" the former applies. <u>See</u> <u>Del Valle Castillo v. Wamsley</u>, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025) (quoting <u>Romero v. Hyde</u>, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (D. Mass. Aug. 19, 2025)). Section "1225(b)(1) only mandates detention of noncitizens arriving in the United States during the pendency of expedited removal proceedings and the credible fear interview and review process," which ceased in Petitioner's case nearly two years ago when he received a credible fear determination and was released from ICE custody upon being placed in standard removal proceedings. <u>See</u> <u>Jimenez v. FCI Berlin, Warden</u>, 799 F. Supp. 3d 59, 69 n.7 (D.N.H. 2025); <u>see also</u> <u>Ahmadi v. Becerra, et al.</u>, Case No. 1:25-cv-01044-CDB (HC), 2026 WL 309561, at *10 (E.D. Cal. Feb. 5, 2026) ("8 U.S.C. § 1226(a) attaches as the governing legal scheme . . .. Because Petitioner [was] released on [his] own recognizance after [his] initial detention at the border, [he is] also ineligible for expedited removal proceedings as [he has] been 'paroled' within the meaning of section 1225(b)(1).").

Specifically, where mandatory detention under Matter of M-S- has been invoked, courts have granted relief to similarly situated individuals on statutory *and* constitutional grounds; the Court adopts and applies their reasoning here. See, e.g., Drekaj v. Raycraft, No. 1:26-CV-67, 2026 WL 242334, at *1–3 (W.D. Mich. Jan. 29, 2026); Silva-Toruno, v. Ripa et al., No. 2:26-CV-199-SPC-DNF, 2026 WL 503333, at *4 (M.D. Fla. Feb. 24, 2026); Portillo-Argueta v. Simon, No. 1:25-CV-2285 (AJT-WEF), 2026 WL 184194, at *4–5 (E.D. Va. Jan. 23, 2026); Luna Sanchez v. Bondi, No. 1:25-cv-018888-MSN-IDD, 2025 WL 3191922, at *2 (E.D. Va. Nov. 14, 2025). Nothing in the record suggests that Petitioner's release in 2024 was pursuant to 8 U.S.C. § 1225(b) and/or that § 1225(b) continues to govern his detention, rather, the sum of the record indicates he can only be detained pursuant to the authority of § 1226. Because Petitioner was placed into standard proceedings under § 1229a, and he was previously released by immigration authorities, apparently on a determination that detention was not warranted in his case, the Court finds Petitioner's detention is governed by § 1226, and its prior decisions apply accordingly.

The Court now turns to Petitioner's as applied constitutional challenge to his mandatory detention by Respondents. The Court incorporates by reference the legal authorities and standards set forth in Escobar Salgado regarding the due process rights of noncitizens in Petitioner's position, including the Court's findings regarding Respondents' erroneous reliance on Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020) to contend that all undocumented noncitizens present in this country have no right to due process under the Constitution. 2025 WL 3205356, at *22-24; see also Padilla v. U.S. Immig. and Cust. Enf't, 704 F. Supp. 3d 1163 (W.D. Wash. 2023). Consistent with its prior decisions the Court finds that Respondents' civil detention of Petitioner without opportunity for release on bond and without providing any individualized, constitutionally recognized justification for his detention violates his procedural and substantive due process rights. See id.

The Court therefore orders Respondents to provide Petitioner a constitutionally adequate bond hearing pursuant to 8 U.SC. § 1226(a) and its implementing regulations, wherein the government bears the burden of establishing, by clear and convincing evidence, an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is

necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. See Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011) ("Given the substantial liberty interest at stake . . . we hold that the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond.") abrogation on other grounds recognized by Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022); see also Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("[T]he BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [a detained noncitizen] is a danger to the community").

Consistent with its broad equitable authority to fashion a remedy for unlawful detention "as law and justice require," and considering the constitutional injury Petitioner has suffered and continues to suffer due to Respondents continued enforcement of unlawful detention policies, the Court orders Respondents to provide a bond hearing promptly, no later than **March 27, 2026**, or immediately release him from custody on his own recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 14) First Amended Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a), where the government bears the burden of establishing dangerousness or flight risk by clear and convincing evidence, no later than **March 27, 2026**. The immigration court must create a contemporaneous record of the bond hearing that is available to Petitioner upon request, see Singh, 638 F.3d at 1208, and consider Petitioner's financial circumstances as well as possible alternative release conditions in setting bond, see Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017).

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be afforded until **April 30, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **March 27, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **March 30, 2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm Petitioner's release from detention in compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to the 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** March 20, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 6 -